UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA A. McCALL,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 14-cv-05636 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 15-1, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ failed to evaluate properly the medical evidence from examining psychologist Dr. Tasmyn Bowes because the ALJ incorrectly determined that Dr. Bowes' opinion was

largely based on plaintiff's self-reports. This conclusion is not based on substantial evidence in the record because, in addition to plaintiff's self-reports, Dr. Bowes' opinion was based on objective medical evidence and her personal observations. Further, the ALJ's finding that Dr. Bowes' is entitled to less weight because she only saw plaintiff one time is not legitimate. Had the ALJ credited fully Dr. Bowes' opinion, the residual functional capacity would have included additional limitations, and thus the error is not harmless.

Therefore, this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, SANDRA A. McCALL, was born in 1959 and was 50 years old on the alleged date of disability onset of October 1, 2010 (*see* AR. 275-81, 283-91). Plaintiff has a GED, some technical college, and is a certified nursing assistant (AR. 54, 62). Plaintiff has work experience as a nursing assistant (AR. 305-07). Plaintiff was last employed for one day at a nursing home but was terminated because of a past legal issue (AR 60).

According to the ALJ, plaintiff has at least the severe impairments of "tobacco abuse, alcohol abuse, degenerative disc disease of the cervical spine, generalized anxiety disorder/post-traumatic stress disorder, depression, torticollis/cervical dystonia and related headaches, and thoracic outlet syndrome left (20 CFR 404.1520(c) and 416.920(c))" (AR. 20).

Prior to the hearing, plaintiff was living in a friend's apartment (*see* AR. 338).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 101-12, 113-24, 165-69, 170-78). Plaintiff's requested hearing was held before Administrative Law Judge Michael Gilbert ("the ALJ") on November 8, 2012 (*see* AR. 41-98). On January 25, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-40).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; (5) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations, and by failing to find that plaintiff was disabled under the framework of Medical-Vocational Rule 201.14; and (6) Whether or not the Commissioner's failure to file a complete record with this court violated the Social Security Act, the HALLEX, plaintiff's constitutional right to procedural due process, and the legal standard set forth in *Brewes* (*see* Dkt. 15-1, pp. 1-2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff argues that the ALJ improperly evaluated nearly all of the medical evidence in this case (*see* Opening Brief, Dkt. 15-1, pp. 3-12). Plaintiff contends that the ALJ erred by giving little weight to the opinion of examining psychologist Dr. Tasmyn Bowes, Psy.D. (*see id.* at pp. 11-12). Dr. Bowes submitted a psychological/psychiatric evaluation in May of 2012 (AR. 588-98). The evaluation was based on information obtained from a clinical interview with a mental status examination ("MSE") of plaintiff (*see id.*). Dr. Bowes diagnosed plaintiff with generalized anxiety disorder, obsessive-compulsive disorder, panic disorder without agoraphobia, major depressive disorder, recurrent, in partial remission, and alcohol abuse (AR. 589).

Dr. Bowes opined that plaintiff's depression impacts her productivity, ability to persist in tasks, rate of absenteeism, pace of performance, and her tendency to isolate from coworkers (AR. 591). Additionally, plaintiff's anxiety impacts her distress tolerance and her ability to focus on tasks to completion, work with coworkers toward a common

goal, persist in tasks, and be flexible and deal effectively with unexpected changes in expectations/routine (*id.*).

Dr. Bowes found plaintiff has no limitations in understanding, remembering and persisting in basic tasks, making simple work decisions, being aware of normal hazards and taking appropriate precautions, and asking simple questions or requesting assistance (*id.*). Plaintiff has mild limitations in performing activities within a schedule and maintaining regular punctual attendance, performing routine tasks without undue supervision, adapting to changes in a routine work setting, and setting realistic goals (*id.*). Dr. Bowes opined that plaintiff has mild to moderate limitations in learning new tasks, and moderate limitations in understanding, remembering and persisting in complex tasks, communicating and performing effectively in a work setting with either public contact or limited public contact, maintaining appropriate behavior in a work setting, and completing a normal workday and workweek without interruptions from psychologically based symptoms (*id.*).

The ALJ stated that he

> gave some weight to the opinion of Dr. Bowes. Dr. Bowes opined that the claimant may have difficulty getting along with others and that her depression might impact her productivity and ability to persist in tasks (Ex. 16F/4). I gave this opinion some weight because it is consistent with Dr. Bowes' examination. However, to the extent that it is inconsistent with the residual functional capacity above, I gave it less weight because Dr. Bowes provided only a snapshot of the claimant's functioning and had to rely upon the claimant's own report of symptoms in order to evaluate her.

(AR. 31).

The ALJ first gave less weight to Dr. Bowes' opinion because Dr. Bowes provided only a snapshot of plaintiff's functioning (*id.*). An examining doctor, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. § 404.1527. "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410, *6, 2014 U.S. Dist. LEXIS 106081 (W.D. Wash. July 31, 2014). Accordingly, this is not a specific and legitimate reason for rejecting the opinion.

The ALJ also gave less weight to Dr. Bowes' opinion because the opinion was based on plaintiff's self-reported symptoms (AR. 31). According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth

Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The [MSE] allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the [MSE] is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

Dr. Bowes performed an extensive and thorough MSE, listing a number of results (*see* AR. 588-98). The MSE showed that plaintiff had no difficulties in her memory and was able to correctly name the president and the current governor of Washington State, but could not name the continent on which Brazil is located (AR. 593). In concentration, plaintiff was easily distracted, had two errors and was slow when completing serial sevens backwards, and had one error when completing serial sevens forward (AR. 593, 597). Plaintiff was able to complete a three step command (AR. 593). Dr. Bowes stated that plaintiff was reasonably insightful around current difficulties and demonstrated reasonable capacity to make good decisions (*id.*). Dr. Bowes found plaintiff scored within the normal range on Trails A, but scored within the mild to moderately impaired range on Trails B (AR. 591-92).

Dr. Bowes also reported many of her own observations (*see* AR. 588, 592-93). For example, Dr. Bowes observed that plaintiff presented as anxious and her affect was appropriate and congruent (AR. 592). Plaintiff had significant psychomotor agitation, but her speech energy, rate, rhythm, variation, volume, syntax and vocabulary were within an adequate range, her speech was well maintained and for the most part well organized, and she had good eye contact (*id.*). Plaintiff's appearance and hygiene were appropriate (*id.*). Dr. Bowes also observed that plaintiff suffered from the following symptoms: rumination/obsessive/compulsive behavior, concentration difficulties, pessimistic thinking/hopelessness, and anhedonia (AR. 588).

Based on a review of the relevant record, the Court concludes that Dr. Bowes' opinion of plaintiff's limitations was not largely based on plaintiff's self-reported symptoms. Rather, Dr. Bowes provided a medical source statement that was based on the objective results of the MSE, Dr. Bowes personal observations, and plaintiff's self-reported symptoms. Thus, the ALJ's finding that Dr. Bowes' opinion is entitled to less weight because she had to rely on plaintiff's self-reported symptoms is not supported by substantial evidence.

The ALJ also failed to address several of Dr. Bowes' opinions (*see* AR. 31). The ALJ discussed Dr. Bowes findings that plaintiff's depression impacts her productivity and ability to persist in tasks (*id.*). The ALJ also found that Dr. Bowes opined that plaintiff may have difficulty getting along well with others, though it is unclear to which opined limitations the ALJ is referring (*see* AR. 31, 591).

The ALJ failed to discuss explicitly Dr. Bowes' findings that plaintiff's depression would impact her rate of absenteeism and her pace of performance, and that plaintiff's anxiety would impact plaintiff's distress tolerance and her ability to focus on tasks until completion and be flexible and deal effectively with unexpected changes in expectations or routine (AR. 591). The ALJ also failed to discuss Dr. Bowes' findings that plaintiff has mild to moderate functional limitations, including mild to moderate difficulties in learning new tasks and moderate limitations in understanding and remembering complex tasks, communicating and performing effectively in a work setting with either public contact or limited public contact, maintaining appropriate behavior in a work setting, and completing a normal workday and workweek without interruptions from psychologically based symptoms (*see id.*).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. The ALJ failed to explain why his interpretation of plaintiff's difficulties resulting from her depression and anxiety, rather than Dr. Bowes' opinion, is correct. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Based on the above stated reasons and a review of the relevant record, the Court concludes that the ALJ's decision to give less weight to the opinion of Dr. Bowes is not specific and legitimate and supported by substantial evidence in the record. *See Lester v.*

*Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

In addition, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or

treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. Such is the case here.

Had the ALJ credited fully Dr. Bowes' opinion regarding plaintiff's limitations, the RFC would have included additional limitations, as would have the hypothetical to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

Plaintiff also contends that the ALJ erred in his evaluation of several other medical opinions, including Dr. Odderson, Dr. Manista, Mr. Gonzalez, Ms. Gurnell, Dr. Johnson, and Ms. Jennings-Vigil (*See* Opening Brief, Dkt. 15-1, pp. 2-12). Because the Court already has determined that this matter must be reversed and remanded for further consideration, the ALJ is instructed to re-evaluate all opinion evidence on remand.

**(2) Whether or not the ALJ properly assessed plaintiff's residual functional capacity and erred by basing his step five findings on the improper residual functional capacity.**

Plaintiff also argues that the ALJ erred in his determination of plaintiff's RFC and in relying on the improper RFC to find that plaintiff was able to perform other jobs found in the national economy at step five (*see* Opening Brief, Dkt. 15-1, pp. 22-24). As the ALJ improperly assessed Dr. Bowes' opinion, the Court concluded that the ALJ erred in the RFC assessment and therefore in relying on improper testimony to find that plaintiff

was not disabled at step five. *See supra*, section 1. Accordingly, on remand the ALJ must assess plaintiff's RFC anew and must reassess his step five finding based on the new RFC determination.

**(3) Whether or not the ALJ properly evaluated plaintiff's testimony and the lay evidence, and whether or not the Commissioner erred by failing to file a complete record with this Court.**

Because the Court has concluded that this matter must be reversed and remanded for further consideration of the medical evidence, *see supra*, section 1, plaintiff's remaining contentions will not be discussed herein.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 31st day of March, 2015.

J. Richard Creatura
United States Magistrate Judge