1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA A. MCCALL,

                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

                    Defendant.

CASE NO. 3:14-cv-5636 JRC

ORDER ON PLAINTIFF'S
CONTESTED MOTION FOR
ATTORNEY'S FEES PURSUANT
TO THE EQUAL ACCESS TO
JUSTICE ACT

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested

motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412

(hereinafter "EAJA") (*see* Dkt. 24, 25, 26).

        Subsequent to plaintiff's success at obtaining a reversal of the decision of the

Social Security Administration, defendant Acting Commissioner challenged plaintiff's

1  request for statutory attorney's fees on the grounds that defendant's position in this

2  matter was justified in substance and had a reasonable basis in fact and law.

3      Because this Court disagrees, and because the requested fees are reasonable,

4  plaintiff's motion for statutory fees is granted.

5                BACKGROUND and PROCEDURAL HISTORY

6      On March 31, 2015, this Court issued an Order reversing and remanding this

7  matter for further consideration by the Administration (*see* Dkt. 21).

8      The Court found that the ALJ failed to properly evaluate the medical evidence

9  submitted by examining psychologist Dr. Tasmyn Bowes (*see id.*, pp. 4-11). This matter

10 was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration

11 due to the harmful error in the evaluation of Dr. Bowes' opinion (*see id.*, pp. 10-11).

12

13     Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which

14 defendant objected (Dkt. 24, 25). Defendant asserts that the Court should not award

15 attorney's fees under the EAJA because defendant's position was substantially justified

16 (Dkt. 25). Plaintiff filed a reply (Dkt. 26).

17                      STANDARD OF REVIEW

18     In any action brought by or against the United States, the EAJA requires that "a

19 court shall award to a prevailing party other than the United States fees and other

20 expenses . . . . unless the court finds that the position of the United States was

21 substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

22 2412(d)(1)(A).

23

24

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

<u>DISCUSSION</u>

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. 21). In order to award a prevailing plaintiff attorney's fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Court notes that the fact that the Administration did not prevail on the merits does not compel the conclusion that its position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988)) (*citing Oregon Envtl. Council v. Kunzman*,

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 3

817 F.2d 484, 498 (9th Cir. 1987)). The Court also notes that when determining the issue of substantial justification, the Court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014)).

The Supreme Court squarely addressed the meaning of the term "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988). The Court concluded that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Court continued, noting that the stated definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* (citations omitted).

In addition, as stated by the Ninth Circuit, a "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce v. Underwood, supra*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court is to focus on whether or not the Administration was substantially justified in taking its original action and in defending the validity of the action in court. *Id.* at 1259 (*citing Kali, supra*, 854 F.2d at 332). However, "if 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether or not the government's

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 4

1   litigation position was justified. *See Toebler*, *supra*, 749 F.3d at 832 (*quoting Meier v.*

2   *Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)).

3          Here, the Court concluded that the ALJ erred by finding that Dr. Bowes' opinion

4   was entitled to less weight because she had to rely on plaintiff's self-reports to evaluate

5   her (*see* Dkt. 21, pp. 5-8). It was clear from the record that Dr. Bowes' opinion of

6   plaintiff's limitations was based on objective evidence obtained from an extensive and

7   thorough mental status examination ("MSE"), Dr. Bowes' personal observations, and

8   plaintiff's self-reported symptoms (*see id*. at pp. 6-8 (*citing* AR. 588-98)). Under these

9   factual circumstances, an ALJ's doubts about plaintiff's subjective testimony do not

10  constitute a legally sufficient basis to reject Dr. Bowes' opinion. *See Ryan v.*

11  *Commissioner of Social Sec.*, 528 F.3d 1194, 1199 (9th Cir. 2008) (an ALJ may not reject

12  a physician's opinion that is based in part on claimant's subjective complaints "where the

13  doctor does not discredit those complaints and supports his ultimate opinion with his own

14  observations").

15

16         The Court also concluded that the ALJ failed to address several functional

17  limitations opined by Dr. Bowes (*see* Order, Dkt. 21, pp. 8-9 (*citing* AR. 31, 591)). It is

18  clearly established in the law that the Commissioner "may not reject 'significant

19  probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

20  Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting*

21  *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). Additionally, the Court

22  determined that the ALJ erred by giving less weight to Dr. Bowes' opinion because it was

23  only a "snapshot" of plaintiff's functioning (*see* Order on Complaint, Dkt. 21, p. 6). An

24

1   ALJ would effectively discredit most, if not all, examining physicians' opinions if an

2   opinion could be discredited because the physician only saw the claimant on one

3   occasion. This is not a proper reason for discrediting Dr. Bowes' opinion. *See Yeakey v.*

4   *Colvin*, 2014 WL 3767410, *6, 2014 U.S. Dist. LEXIS 106081 (W.D. Wash. July 31,

5   2014).

6           Based on the above stated errors, the Court reversed and remanded the ALJ's

7   decision as the ALJ failed to provide specific and legitimate reasons supported by

8   substantial evidence for discounting Dr. Bowes' opinion (*see* Order on Complaint, Dkt.

9   21, pp. 5-10). Discounting a physician's opinion without proper justification is a "basic

10  and fundamental" error. *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008). Absent

11  special circumstances, which defendant has failed to show exist in this case, "the defense

12  of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d

13  1051, 1053 (9th Cir. 1998).

14

15          In her response, defendant maintains that the ALJ's position was substantially

16  justified because the Court remanded the case on an issue that was not raised by plaintiff

17  in her opening brief (*see* Dkt. 25, pp. 2-5). Review of plaintiff's opening brief and reply

18  brief filed in support of her complaint show that plaintiff argued issues relied on by the

19  Court to find that the ALJ erred in his assessment of Dr. Bowes' opinion (*see* Dkt. 15-1,

20  pp. 11-12; 20, pp. 7-8). Further, the arguments in plaintiff's opening brief have no

21  bearing on whether or not the ALJ's decision was substantially justified, nor explain why

22  defendant choose to litigate this case when the ALJ made basic and fundamental errors.

23

24

1    Defendant also reiterates arguments regarding the merits of the underlying issue

2    and she argues that the Court simply evaluated the medical evidence and came to a

3    different conclusion after going outside the record to medical textbooks (*see* Dkt. 25,  pp.

4    4-5). In the Order, the Court cited to a treatise to explain that the MSE is the objective

5    portion of a mental evaluation, and did not use medical textbooks to assess plaintiff's

6    mental condition (*see* Order on Complaint, Dkt. 21, p. 7). Defendant also maintains that

7    the ALJ gave a proper reason for rejecting Dr. Bowes' opinion because the ALJ found

8    that plaintiff lacked credibility (*see* Dkt. 25, pp. 4-5). As discussed above, the ALJ cannot

9    discredit Dr. Bowes' opinion because he found that plaintiff lacked credibility when Dr.

10   Bowes relied on more than plaintiff's subjective statements.

11   

12   The Court did not provide "merely an alternate interpretation of the evidence" as

13   argued by defendant (*see* Dkt. 25, p. 3-4). Rather, the Court concluded that the ALJ failed

14   to consider the significant, probative evidence and failed to provide legitimate reasons for

15   giving less weight to Dr. Bowes' opinion. Thus, defendant's arguments are not

16   persuasive, and the Court concludes that defendant has not demonstrated that the sole

17   reason for the reversal of this case was regarding an issue with respect to which

18   reasonable minds could differ.

19   The ALJ's decision was unsupported by substantial evidence and based on legal

20   error given his failure to state legally sufficient reasons to support the decision to deny

21   benefits. The Court concludes that with respect to the ALJ's decision and the

22   Administration's defense of said decision before this Court regarding the conclusive issue

23   herein, the Administration's position was not substantially justified. The Court also

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 7

1    concludes that there are no special circumstances which render an EAJA award in this

2    matter unjust. Accordingly, the Court will award Plaintiff attorney's fees under the

3    EAJA.

4         All that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. §

5    2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S.

6    Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D.

7    Wash. 2011).

8         Once the court determines that a plaintiff is entitled to a reasonable fee, "the

9

10   amount of the fee, of course, must be determined on the facts of each case." *Hensley,*

11   *supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful

12   starting point for determining the amount of a reasonable fee is the number of hours

13   reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,*

14   *supra*, 461 U.S. at 433.

15        Here, plaintiff prevailed on the claim of whether or not the denial of her social

16   security application was based on substantial evidence in the record as a whole and not

17   based on harmful legal error. When the case involves a "common core of facts or will be

18   based on related legal theories  .  .  .  .  the district court should focus on the significance

19   of the overall relief obtained by the plaintiff in relation to the hours reasonably expended

20   on the litigation." *See Hensley, supra*, 461 U.S. at 435.  The Supreme Court concluded

21   that where a plaintiff "has obtained excellent results, his attorney should recover a fully

22   compensatory fee." *Id.* Further, attorney's fees may be awarded for counsel's time spent

23   in applying for the EAJA award. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 157

24

1  (1990) (concession that fees for time and expenses incurred in applying for fees were

2  covered in EAJA cases).

3       The Court concludes, based on a review of the relevant evidence, that plaintiff

4  obtained excellent results. Therefore, the Court will look to "the hours reasonably

5  expended on the litigation," which, when combined with the reasonable hourly rate,

6  encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors

7  identified in *Johnson*, *supra*, 488 F.2d at 717-19 "usually are subsumed within the initial

8  calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley,*

9  *supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild,*

10 *Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*,

11 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e

12 *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable

13 hourly rate] to determine the amount of an attorney's fees award does not directly

14 consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*,

15 *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at

16 *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S.

17 Dist. LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington

18 Rules of Professional Conduct 1.5.

19 _____

20

21      [1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance

22 of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in

23 similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor

24 6 of contingent nature of the fee).

1    Defendant argues that plaintiff should receive no more than 40% of the requested

2    attorney's fees, and "[a]t the very least, the Court should impose" a 10% reduction in fees

3    (Dkt. 25, p. 6). Defendant contends that the fees should be reduced because plaintiff's

4    counsel did not raise any of the arguments that led to a remand in the opening brief (*see*

5    *id.*). As previously discussed, the Court concludes that plaintiff raised arguments in both

6    her opening brief and reply brief which led to remand in this case (*see* Dkt. 15-1, pp. 11-

7    12; 20, pp. 7-8). Defendant also contends that the time spent by plaintiff's attorney

8    "do[es] not bear a rational relation to the merits litigation (sic)" (Dkt. 25, p. 6). Defendant

9    fails to explain why the hours are unreasonable or how the hours should be reduced, *see*

10   *Gates v. Deukmejian*, 987 F.2d at 1397-98 (government has burden to show

11   unreasonableness), and "courts should generally defer to the 'winning lawyer's

12   professional judgment as to how much time he was required to spend on the case.'" *Costa*

13   *v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (awarding

14   fees in the amount of $10,544.72, the full amount requested by the plaintiff, after finding

15   the magistrate judge erred in cutting fees by one-third).

16        Plaintiff requests that the Court award fees for the 57.8 hours her attorneys

17   expended in this case, and requests that the Court approve payment for the 2.2 hours that

18   were expended in defending the motion for attorney's fees (*see* Dkt. 24, 24-2, 26, p.7).

19   Given the facts and circumstances of the matter herein, and based on the briefing,

20   declarations and attorney time sheet, the Court concludes that the amount of time

21   incurred by plaintiff's attorney in this matter is reasonable.

1    Specifically, following a review of plaintiff's request, the Court finds reasonable

2    plaintiff's request for expenses in the amount of $25.14 and for attorney's fees in the

3    amount of $11,403.60, representing 60 hours of work, for a total award of $11,428.74.

4                                          CONCLUSION

5        Plaintiff's request for $25.14 in expenses is granted.

6        Plaintiff is awarded $11,403.60 in attorney's fees, representing 60 hours of work,

7    for a total award of $11,428.74, pursuant to the EAJA and consistent with *Astrue v.*

8    *Ratliff*, 560 U.S. 586 (2010).

9        Plaintiff's award is subject to any offset allowed pursuant to the Department of

10   Treasury's Offset Program. *See id.* at 595-98. If it is determined that plaintiff's EAJA

11   fees are not subject to any offset, or if there is a remainder after an offset, the check for

12   EAJA fees shall be made payable to plaintiff's counsel, either by direct deposit or by

13   check payable to Eitan Kassel Yanich, based on plaintiff's assignment of these amounts

14   to plaintiff's attorney. The checks for EAJA fees and expenses shall be mailed to

15   plaintiff's counsel at Law Offices of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue

16   East, Suite 321, Olympia, WA 98501.

17       Dated this 6th day of August, 2015.

18

19

20   J. Richard Creatura
     United States Magistrate Judge

21

22

23

24

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 11